**LOK PRAKASHAN, LTD., doing business as Gujarat Samachar, Plaintiff–Counter–Defendant–Appellant,**

v.

**Ralph A. BERMAN, Davidoff Malito & Hutcher, LLP, Kern Augustine Conroy & Schoppmann, P.C., Defendants–Appellees,**

**Steven I. Kern, Defendant–Counter–Claimant–Appellee.***

No. 09–0136–cv.

United States Court of Appeals, Second Circuit.

Oct. 21, 2009.

---

\* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

Anand Natarajan, Old Bridge, NJ, (Matthew F. Schwartz, Schwartz & Ponterio, PLLC, New York, NY, on the brief), for Plaintiff–Appellant.

Mark E. Spund, Davidoff Malito, & Hutcher, LLP, Garden City, NY, for Ralph A. Berman and Davidoff Malito & Hutcher, LLP.

Robert J. Conroy, Kern Augustine Conroy & Schoppmann, P.C., Garden City, NY, for Steven I. Kern and Kern Augustine Conroy & Schoppmann, P.C.

PRESENT: ROGER J. MINER and JOSÉ A. CABRANES, Circuit Judges, EDWARD R. KORMAN, District Judge.**

** The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant Lok Prakashan, Ltd., doing business as Gujarat Samachar, appeals from the District Court's grant of summary judgment dismissing plaintiff's complaint for legal malpractice against defendants-appellees Ralph A. Berman, Steven I. Kern, and their law firms—respectively, Davidoff Malito & Hutcher, LLP, and Kern Augustine Conroy & Schoppmann, P.C. Plaintiff's legal malpractice claims arose from an underlying lawsuit in which defendants represented plaintiff Samachar in a contractual dispute with his publisher. In an order dated November 1, 2005, the District Court granted defendants' motion for summary judgment dismissing plaintiff's legal malpractice claims. Defendants then sought summary judgment on their counterclaims for unpaid legal fees and attorney's fees and costs and, in an order dated December 12, 2008, 2008 WL 5274535, the District Court granted in part defendants' motion. Plaintiff appeals from each of these holdings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Plaintiff argues that the District Court erred in granting summary judgment on the legal malpractice claim because there are material questions of fact on the issue of whether defendants were negligent in failing to introduce a particular document into evidence, and whether this alleged negligence proximately caused loss to the plaintiff. Plaintiff further asserts that if the legal malpractice claim goes to trial, the judgment in favor of defendants for their counterclaims should also be vacated.

We review *de novo* the District Court's decision to grant summary judgment and, in the course of that review, we draw all

permissible factual inferences in favor of the non-moving party. *See, e.g., Holcomb v. Iona College,* 521 F.3d 130, 137 (2d Cir.2008). In order to sustain a legal malpractice claim, plaintiff must show (1) the existence of an attorney-client relationship, (2) negligence, (3) which is the proximate cause of loss, and (4) actual damages. *See Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328, 337 (2d Cir.2006). "A complaint that essentially alleges either an 'error of judgment' or a 'selection of one among several reasonable courses of action' fails to state a claim for malpractice." *Id.*

The District Court concluded that "[b]ecause there is ample evidence in the record that Defendants' omission of the specified document was a conscious and reasonable decision regarding trial strategy, not negligence, and the omission of the document was not the proximate cause of any loss, Plaintiff has failed to show the elements required to support a claim of legal malpractice." Order of November 1, 2005. We agree and, substantially for the reasons stated by the District Court in its well-reasoned orders of November 1, 2005 and December 12, 2008, find plaintiff's arguments to be without merit.

### CONCLUSION

Accordingly, we AFFIRM the judgment of the District Court.